UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>DOUGLAS JOHN FITZGERALD,<br><br>                Defendant. | Case No. 1:09-CV-113-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

The Court has before it Defendant Douglas John Fitzgerald Motion to Dismiss (Dkt. 60). Fitzgerald will have awaited 456 days from his arraignment on November 23, 2009, to his upcoming trial on February 22, 2009; he has remained out of federal custody since his arraignment. During this time, Fitzgerald moved for, and the Court granted, three continuances under the ends-of-justice provision of the Speedy Trial Act, 18 U.S.C. § 3161(c). In his motion to dismiss, Fitzgerald claims that the Court failed to make the requisite factual finding when granting the continuances, and therefore over seventy non-excludable days have passed between his arraignment in Idaho and upcoming trial in violation of his speedy trial rights. For the reasons expressed below, the Court will deny

Fitzgerald's motion to dismiss.

## BACKGROUND

On May 13, 2009, the grand jury returned an indictment charging Mr. Fitzgerald with corruptly obstructing and impeding the administration of the Internal Revenue laws, in violation of 26 U.S.C. § 7212(a) (Count One), and attempting to evade and defeat taxes for the years 1999-2003 and 2005 (Counts Two through Seven).

Fitzgerald was arrested in the Philippines, where he had been living, on September 10, 2010. From the Philippines, Fitzgerald was flown in federal custody to the Central District of California, Western Division, Los Angeles, where he made an initial appearance and was arraigned on October 9, 2002. He was then transferred and appeared before a United States magistrate judge in Idaho on November 23, 2009.

At his initial appearance and arraignment, trial was set for January 19, 2010. *Id.* Later that same day, the Court held a detention hearing, and Fitzgerald accepted appointment of Tom Monaghan, Federal Defender. *Minute Entry*, Dkt. 8. Fitzgerald was released to await trial. *Order*, Dkt. 9.

On December 11, 2011, Fitzgerald filed a motion to continue the trial until June 2010. The reasons for the request, detailed in an affidavit of counsel, included: (1) the Government discovery was extremely voluminous, numbering over 10,000 pages; (2) the investigation and resulting charges spanned many years, dating back to 1997; (3) the defense anticipated a need for substantial investigation, including out of district travel to contact potential witnesses; (4) the defense anticipated that expert services would be

required; (5) Fitzgerald was currently out of custody and agreed with the need for a lengthy continuance; and (6) the Government did not object. *Monaghan Aff.*, Dkt. 12-1. Fitzgerald's motion was granted on December 14, 2009, to allow Fitzgerald time for effective preparation. *Order*, Dkt. 13. The trial was continued until June 21, 2010.

Nearly three months prior to the trial date, Fitzgerald filed a second motion for continuance, requesting an additional three months due to the complexity of his case. In a sealed affidavit, Teresa A Hampton, co-counsel with Mr. Monaghan, detailed additional reasons for the requested continuance. *Ex Parte Hampton Decl.*, Dkt. 18. The Court granted Fitzgerald second request for a continuance on April 13, 2010. Trial was reset for September 27, 2010.

In late August, both the Government and Fitzgerald filed various motions in limine in preparation for the September 27, 2010 trial. On September 1, 2010, Fitzgerald entered into a plea agreement, which was filed on September 3, 2010. The Plea Hearing was set for September 14, 2010, but Fitzgerald withdrew his plea, the Federal Defenders withdrew as counsel, and Fitzgerald retained private attorney Terrance McCauley to defend him. Fitzgerald filed a third motion to continue the trial to allow new counsel to review the nearly 20,000 pages in discovery. Fitzgerald's third request was granted due to the complexity of the case and to allow new counsel to adequately prepare for trial.

Trial is currently set for February 22, 2011. Now on the eve of trial, Fitzgerald has filed a motion to dismiss the indictment on the ground that his speedy trial rights were violated.

## ANALYSIS

**1.    Legal Standard**

The Speedy Trial Act requires a defendant, charged with a crime, to be brought to trial within 70 days from the filing date of the indictment or the date of the defendant's initial appearance in the court in which the charges are pending, whichever date occurs last. 18 U.S.C. § 3161(c)(1). "If the defendant is not brought to trial within the 70-day period mandated by the Speedy Trial Act (subtracting all properly excludable periods of delay), then the defendant may move for a dismissal of the indictment." *United States v. Medina*, 524 F.3d 974, 980 (9th Cir. 2008) (citing 18 U.S.C. § 3162(a)(2)).4, 530 (1972)).

Excluded from the 70-day requirement is "[a]ny period of delay resulting from a continuance granted by any judge.... if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3131(h)(7)(A).  In deciding whether "the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial," the Court may consider whether "the failure to grant such a continuance...would deny counsel for the defendant...the reasonable time necessary for effective preparation...." *Id.* § 3131(h)(7)(B)(iv).  The judge must set forth his findings on the record. *Id.*

**2**.    **Failure to Make Requisite Factual Findings**

Fitzgerald argues that his speedy trial rights were violated because the first two orders continuing the trial (Dkts. 13&19) "did not exclude any time from the trial clock

because it did not comply with the strict ends of justice requirements necessary to exclude time." *Def.'s Br.* at 7, ¶ 5.5.1, Dkt. 60-1. Fitzgerald claims the third continuance – requested by his current counsel – "is irrelevant because it was entered well after the violation of the [Speedy Trial Act] had already occurred." *Id.* at 14, ¶ 8.1.

The Court, however, disagrees that the first two continuances resulted in a violation of Fitzgerald's statutory speedy trial rights. In both orders at issue here, the Court specifically found that a continuance was needed to give defense counsel an opportunity to provide an effective defense. 18 U.S.C. § (h)(7)(A) & (B)(iv). *Orders Continuing Trial*, Dkts. 13 & 19. Based on this finding, the Court concluded the ends of justice served by granting the continuance outweighed the best interests of the public and the defendant in a speedy trial. *Id.*

The Court based its decision on the representations made by Fitzgerald's counsel. In fact, Mr. Monaghan in support of the first motion to continue stated that Fitzgerald agreed with the need for a lengthy continuance of his trial date. *Monaghan Aff.* ¶ 6, Dkt. 12-1. And Fitzgerald does not claim this representation or any representation made by Mr. Monaghan or Ms. Hampton is false. "District courts may fulfill their Speedy Trial Act responsibilities by adopting stipulated factual findings which establish valid bases for Speedy Trial Act continuances." *U.S. v. Ramirez*-Cortez 213 F.3d 1149, 1157, n. 9 (9th Cir. 2000) (citing *United States v. Shetty,* 130 F.3d 1324 (9th Cir. 1997). Here, each continuance at issue was specifically supported by the Court's reference to facts articulated by Fitzgerald, "and which buttressed each of its findings of excludable time

under the Speedy Trial Act." *Shetty*, 130 F.3d at 1330.

Moreover, it was Fitzgerald who requested the continuances. While the parties cannot stipulate to a waiver of the protections of the Speedy Trial Act, *United States v. Lam*, 251 F.3d 852, 861 n. 11 (9th Cir. 2001), a defendant's failure to assert the right and his acquiescence in the delay are speedy trial factors. *Id.* Accordingly, given the totality of the record related to each continuance challenged by Fitzgerald, the Court finds no violation of the Speedy Trial Act.

## ORDER

**IT IS ORDERED that** Defendant Douglas John Fitzgerald Motion to Dismiss (Dkt. 60) is DENIED.



DATED: **February 3, 2011**

Honorable B. Lynn Winmill
Chief U. S. District Judge